United States Bankruptcy Court
Southern District of Florida

In re:                                                          Case No. 12-34868-RAM
Steven Kenneth Bonnell                                          Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 113C-1         User: covington          Page 1 of 2          Date Rcvd: Jan 17, 2013
                             Form ID: pdf004         Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 19, 2013.
db          Steven Kenneth Bonnell,   25801 SW 152nd Ct,   Homestead, FL  33032-6228

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                          TOTAL: 0

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Jan 19, 2013**                    **Signature:**    _Joseph Speetjens_

```
District/off: 113C-1           User: covington             Page 2 of 2                   Date Rcvd: Jan 17, 2013
                               Form ID: pdf004             Total Noticed: 1


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 17, 2013 at the address(es) listed below:
              Amber M Kourofsky    on behalf of Creditor   The Money Source, Inc bkfl@albertellilaw.com
              Edward  Freire    on behalf of Debtor Steven Bonnell courtdoc@freiregonzalez.com,
               courtdoc@fgbkc.com
              Laila S. Gonzalez     on behalf of Debtor Steven Bonnell courtdoc@freiregonzalez.com,
               courtdoc@fgbkc.com
              Nancy N Herkert     e2c8f01@ch13herkert.com
              Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
                                                                                                 TOTAL: 5
```



ORDERED in the Southern District of Florida on January 16, 2013.

Robert A. Mark, Judge
United States Bankruptcy Court

---

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

In re:  Steven Kenneth Bonnell

Case No.: 12-34868-RAM
Chapter 13

Debtor.
_____/

### ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON PERSONAL PROPERTY HELD BY SANTANDER CONSUMER USA

THIS CASE came to be heard on <u>January 15, 2013</u> on the *Debtor's Motion to Value and Determine Secured Status of Lien on Personal Property* (DE <u>23</u>; the "Motion"). Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A.   The value of the debtor's personal property (the "Personal Property") more particularly described as follows *(Select only one)*:

   ✓   Motor vehicle described as follows:

   Year and Model of motor vehicle: 2006 Nissan Altima
   Vehicle Identification Number (VIN #): 1N4AL11D85N316050
   Odometer reading: 145,059

   ___   Personal property other than a motor vehicle described as follows:

is $ 4,000.00  at the time of the filing of this case.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. Lender has an allowed secured claim in the amount of $3,903.14.

3. (Select only one):

    ___ Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of scheduled secured claim, regardless of the original classification I the proof of claim as filed. Lender's secured claim shall be paid through the plan at ____% for a total of $_____.

    or

    ✓ Lender filed a proof of claim in this case. It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $ 0.00 , regardless of the original classification in the proof of claim as filed. Lender's secured claim shall be paid through the plan at 5.25% for a total of $4,446.30.

4. The Personal Property may not be sold or refinanced without proper notice and further order of the Court during the pendency of the bankruptcy.

5. Notwithstanding the foregoing, this Order is not recordable or

enforceable until the debtor receives a discharge in this chapter 13 case.

6. Upon notification that the debtor has received a discharge, the creditor shall take all steps necessary to release the lien upon the personal property.

###

Submitted By:
Freire & Gonzalez, P.A.
Attorneys for Debtor(s)
[ ] Edward Freire, Esq. FBN: 0813771
[ ] Laila S. Gonzalez, Esq. FBN: 0975291
10647 N. Kendall Dr.
Miami, FL 33176
Ph. (305) 826-1774
Fax (305) 826-1794